**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **GARY L. BALENTINE; SHERRY L. BALENTINE;**<br>**ARKANSAS DEPARTMENT OF FINANCE; AND**<br>**ADMINISTRATION, COMMISSIONER OF REVENUES;**<br>**AND FORD MOTOR CREDIT** | **DEFENDANTS/**<br>**COUNTER-CLAIMANTS**<br>**THIRD-PARTY PLAINTIFFS** |
| **v.** | |

**4:07CV00484-WRW**

| | |
|---|---|
| **PEOPLES CHOICE HOME LOAN, INC.;**<br>**DANA CAPITAL GROUP, INC.;**<br>**J&J LENDING CORPORATION; J&J MORTGAGE;**<br>**MORTGAGE SOLUTIONS; JOSEPH BELCHER;**<br>**JOSHUA SCHWARTZ; LLOYD BLANCARD;**<br>**ESTER MCKOWAL; KAKOLA LEWIS; TIM JULES;**<br>**MILES SANTANIO; TICOR TITLE INSURANCE**<br>**COMPANY; TICOR TITLE COMPANY OF**<br>**CALIFORNIA; EARLENE HARDWICK-SMITH;**<br>**JOHN DOES NO. 1 & JOHN DOES NO.** | **THIRD-PARTY PLAINTIFF** |

## ORDER

Pending is Third-Party Defendants, Joseph Belcher's and Joshua Schwartz's ("Belcher and Schwartz") Motion to Dismiss (Doc. No. 6) based on insufficient service and lack of personal jurisdiction. Also pending is Third-Party Defendants, Ticor Title Insurance Company's and Ticor Title Company of California's ("Ticor") Motion to Dismiss (Doc. No. 11) for failure to state sufficient facts upon which relief may be granted. Third-Party Plaintiffs Gary Balentine and Sherry Balentine ("the Balentines") did not respond to either motion, even though they received an extension.[1]

---

[1]Doc. No. 16.

The original complaint, in which GMAC was plaintiff, was not removed.  Despite this, GMAC filed a Motion for Attorneys' Fees and Costs (Doc. No. 15), which is pending. The Balentines responded (Doc No. 18) to GMAC's complaint.

## I.  Background

This case began as a foreclosure action brought by GMAC against the Balentines in state court.[2]  The Balentines filed a Third-Party Complaint against, among others, Ticor, Belcher, and Schwartz.[3]  The Third-Party Complaint contains multiple allegations against Belcher and Schwartz, who were doing business as J & J Lending, J & J Mortgage**,** and Mortgage Solutions.[4]  The Balentines allege that Belcher and Schwartz  violated the Truth in Lending Act,[5] the Real Estate Settlement Procedures Act,[6] breached their fiduciary duties, interfered with a business expectancy, converted the Balentine's money, and committed fraud and the tort of outrage.[7]   Based on the allegations in the Third Party Complaint that Belcher and Schwartz violated federal laws, the action was removed from state court.[8]  Third-Party Defendants based their right to remove on 12 U.S.C. § 2614, 14 U.S.C. § 1604, and 28 U.S.C. § 1441.

---

[2]Doc. No. 2.

[3]Doc. No. 5.

[4]*Id.*

[5]15 U.S.C. § 1601 *et seq.*

[6]12 U.S.C. § 2605 *et seq.*

[7]Doc. No. 5.

[8]Doc. No. 1.

## II.  Authority

The right to remove a case from a state to a federal court is statutory, and the party seeking removal must meet the statutory requirements.[9]  After the case is removed, a federal district court has a duty to determine if the removal was proper, even in the absence of a motion to remand.[10]   The removal statutes are narrowly applied; and the Eighth Circuit Court of Appeals has held that "limitations on removal may or may not be jurisdictional, but either way, they must be strictly construed and enforced."[11]

Some courts have permitted removal by a third-party defendant.[12]  However, the majority of federal district courts have held that only defendants joined by a plaintiff in the original complaint may remove.[13]  District courts in the Eighth Circuit follow the majority rule, and have not permitted a third-party defendant to remove a state action to federal court.[14]

## III.  Discussion

Belcher and Schwartz, Third-Party Defendants, removed this foreclosure action from the Circuit Court of Cross County, Arkansas.  No other party joined in the removal, and the Balentines never filed a motion to remand.  Considering that the action of the original plaintiff,

---

[9]*Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992).

[10]*Rand v. State of Arkansas*, 191 F. Supp. 20 (W.D. Ark. 1961); 28 U.S.C. § 1447(c).

[11]*International Ass'n. of Entrepreneurs of America*, 58 F.3d 1266, 1270 (8th Cir.1995).

[12]See *Central of G. R. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937 (5th Cir. 1970).

[13]See *Milton S. Hershey Med. Ctr. v. Grinnage*, No. 1:07-CV-0539, 2007 U.S. Dist. Lexis 85635, at *8-*9 (M.D. Penn. November 20, 2007).

[14]See *Sequoyah Feed and Supply Co. v. Robinson*, 101 F. Supp 680, 682 (W.D Ark. 1951); *Shaver v. Arkansas Best Freight System, Inc.*, 171 F. Supp 754, 762 (W.D. Ark. 1959); *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F. Supp. 283, 285 (E.D. Ark. 1969).

3

GMAC, had not been removed, GMAC's Motion for Attorney's Fees caused me to examine the basis for removal, as well as my authority to rule on GMAC's motion and the other pending motions in this matter.

Subject-matter jurisdiction defines a court's statutory or constitutional power to adjudicate the case.[15]  The removal statute states: "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."[16]  I have an obligation to determine if I have the power to adjudicate this case.  Based on the authority cited above, it appears that I do not.

## IV.  Conclusion

Accordingly, this case is REMANDED to the Cross County Circuit Court in Arkansas. The Motions to Dismiss (Doc. Nos. 6, 11 ) are DENIED for lack of jurisdiction, and GMAC's Motion for Attorney's Fees (Doc. No. 15) is DENIED for lack of jurisdiction.

IT IS SO ORDERED this 10th day of December, 2007.

/s/Wm.R.Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[15]*United States v. Cotton*, 535 U.S. 625, 630 (2002); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

[16]28 U.S.C. § 1447(c)(emphasis added); see also *Wabash Ry. Co. v. Lindley*, 29 F.2d 829 (8th Cir. 1928) (holding that a district court may remand on its own motion); *Auto Owners Ins. Co. v. Tribal Court of Spirit of Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (holding that even appellate courts may question of subject-matter jurisdiction *sua sponte*).